IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND STACEY, Individually and as Co-Executor of the Last Will of Helen Stacey, Plaintiff, v. <br><br> CITY OF HERMITAGE; GARY P. HINKSON, Individually; EDWARD STANTON, Individually; RUSSELL V. PENN, JR., Individually; JEFFREY OSBORNE, Individually; ROBERT S. GOELTZ, Individually; JAMES PAT WHITE, Individually; THOMAS W. KUSTER; H. WILLIAM WHITE, III; ECKER, KUSTER, MCCONNELL & EPSTEIN, Attorneys at Law, Individually; CHRISTOPHER FERRY; WATTS & PEPICELLI, Attorneys at Law; JERRY G. CARTWRIGHT, JR., Attorney at Law; RICHARD SEREDAY, ROSEANN SEREDAY, doing business as SEREDAY EXCAVATING; ELIZABETH F. FAIR, Individually and in Official Capacity as Prothonotary of Mercer County, thru her Office, Employees and Agents, <br><br> Defendants. | 2:02-cv-1911 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court for consideration and disposition are the following: the MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (*Document No. 125*) filed by Penn Power Company ("Penn Power"); the MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (*Document No. 127*) filed by Ohio Edison Company ("Ohio Edison"); PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (*Document No. 130);* the MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (*Document No. 134*) filed by Ekker, Kuster McConnell & Epstein ("Ekker")*;* the MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT (*Document No. 138*) filed by Elizabeth F. Fair; the MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

(*Document No. 144*) filed by Penn Power and Ohio Edison; and PLAINTIFF'S MOTION TO REINSTATE NON-CAPTION DEFENDANTS UNTIL <u>ALL</u> CLAIMS IN THE ORIGINAL <u>*PRO SE*</u> COMPLAINT ARE FULLY DETERMINED (*Document No. 145*). The time set for responses by the Court has expired and the motions are ripe for disposition.

This case arose from the condemnation and subsequent demolition of the home of Plaintiff's mother in November 2000 – over seven years ago. The procedural history in this case is tortuous and will not be repeated in full. The case has been embroiled in extensive legal wrangling and is still in the initial pleadings stage.

The original pro se complaint was dismissed in 2003 by the Honorable Robert J. Cindrich. On November 24, 2004, the United States Court of Appeals for the Third Circuit ("Court of Appeals") affirmed this order in part and vacated in part. On March 15, 2005, counsel entered an appearance on behalf of Plaintiff and on April 15, 2005, counsel filed an amended complaint. On October 11, 2005, the United States Supreme Court vacated the ruling of the Court of Appeals as to the *Rooker-Feldman* doctrine and remanded to the Court of Appeals for further consideration. On April 19, 2006, the Court of Appeals issued a second opinion (the "Opinion") which affirmed in part and vacated in part the district court's original order of dismissal and remanded for further proceedings consistent with its Opinion. *(Document No. 103)*.

As relevant now, the Opinion held that some, but not all, of Defendants' asserted grounds for dismissal had merit, Opinion at 8, and concluded that the ***only claims*** which survived the motions to dismiss were:

> (1) claims under § 1983 against the City defendants and Sereday arising from the demolition; (2) claims under § 1983 against the City defendants arising from the

imposition of the lien against the Stacey property; and (3) legal malpractice claims against the Staceys' attorneys.

Opinion at 14 (emphasis added). The Opinion further directed that Raymond Stacey be afforded an opportunity to amend the complaint to demonstrate standing, Opinion at 9, and instructed Plaintiff to clearly specify the parties to whom he refers in the various claims. Opinion at 11.

On August 1 and 2, 2006, this Court amended the caption of this action to reflect the Opinion of the Court of Appeals (*Document Nos. 104, 105*). This Court's Order dated August 1, 2006 instructed Plaintiff to file an amended complaint "limited to the recited surviving claims for the relevant time period(s) set forth in the Opinion and plaintiff must demonstrate standing for all claims and plead in a more definite manner with specificity regarding 'the parties to whom he refers with respect to the remaining claims.'" Plaintiff sought reconsideration of the August 1 and 2 Orders and on August 21, 2006, without seeking leave of court, Plaintiff filed an amended complaint against all defendants. Several defendants filed responses thereto.

On September 6, 2006, the Court denied Plaintiff's motion for reconsideration, ordered the amended complaint dated August 21, 2006 to be stricken, and explained:

> This Court and Plaintiff are bound by the rulings of the Court of Appeals which authorized Plaintiff to amend the complaint only in two limited respects – to afford Raymond Stacey an opportunity to demonstrate standing, and to specify the parties to whom he refers with respect to the remaining claims. *See* Opinion dated April 19, 2006 at 9, 11.
> Contrary to Plaintiff's contention, the Court of Appeals resolved the various arguments raised in motions to dismiss on the merits. In all other respects, the decision whether or not to permit amendment to the complaint is within the discretion of this Court and leave to amend must be sought by filing an appropriate motion. Fed. R. Civ. P. 15(a).
> Plaintiff's proposed Amended Complaint fails to abide by this Court's Orders and is not consistent with the Court of Appeals' Opinion. Plaintiffs have not sought leave to amend. Indeed, Plaintiffs boldly proclaim that they intend to pursue claims whether or not those parties are listed as defendants in the recast

>caption. Motion for Reconsideration ¶ 15. Plaintiffs' approach and action in filing the proposed Amended Complaint are totally without authorization.

Nevertheless, the Court permitted Plaintiff to file another amended complaint, limited strictly to the claims that had been authorized by the Court of Appeals.

On September 15, 2006, Plaintiff filed a new Amended Complaint (Document No. 128) against "caption defendants" (the "Amended Complaint"). This document is the operative complaint in this case. Also on September 15, 2006, Plaintiff filed a motion for leave to file a Second Amended Complaint to reinstate Penn Power and Ohio Edison as defendants. At the same time, Plaintiff filed a Notice of Appeal of the September 6, 2006 Order, which had the effect of depriving this Court of jurisdiction pending return of the mandate from the Court of Appeals. On December 4, 2007, the Court of Appeals dismissed Plaintiff's appeal as improper and premature. This Court then set up a briefing schedule to provide an opportunity for all parties to be heard regarding the pending motions, which will be addressed seriatim.

1. <u>Plaintiff</u>

Plaintiff has two motions pending. On September 15, 2007, Plaintiff requested leave to amend the caption to reinstate Penn Power and Ohio Edison as defendants (Document No. 130). On January 7, 2008, Plaintiff sought to reinstate all non-caption defendants until all claims in the original pro se complaint are fully determined (Document No. 145). In essence, Plaintiff contends that the Court of Appeals has reinstated all claims that might be inferred from the original pro se complaint, with the exception of Section 1983 claims occurring before November 6, 2000. Plaintiff relies heavily on Fed. R. Civ. P. 15(a), which permits amendments as a matter

of course before a responsive pleading is served. However, Plaintiff ignores or overlooks the fact that Rule 15(a)(1) permits a party to amend its pleading only "*once*" without leave of court. Rule 15(a)(2) clearly states: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."

        a.      Leave to Amend

At long last, Plaintiff has sought leave of court to amend his complaint. The Court recognizes that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, leave to amend is properly denied on the grounds of "undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir.2000).

Plaintiff seeks to assert claims against Penn Power and Ohio Edison for breach of contract and civil conspiracy. The applicable statutes of limitations have long since run. However, a plaintiff can pursue an otherwise time-barred claim if "the claim ... arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). To determine whether the new claim properly relates back, the Court looks "to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir.2004). The original pro se complaint provided no notice whatsoever that a breach of contract claim was or may be asserted. The only averment that addressed Penn Power's involvement, ¶ 14, stated that it had a duty to supervise its employees so as not to "deprive Plaintiffs of their civil rights." There are a few brief references to conspiracy in the pro se complaint, *see* ¶¶ 1, 56, but it did not provide any notice that Penn Power or Ohio Edison were

part of the alleged conspiracy. Moreover, the First Amended Complaint, filed by Plaintiff's counsel in April 2005, ***deleted*** all references to conspiracy except as to use of the Hermitage Property Maintenance Code and the authority granted to housing inspectors. ¶ 55. Accordingly, the Court concludes that the purported claims do not "relate back" and thus are untimely. Leave to amend is therefore denied on the ground of futility.

Leave to amend the complaint is also denied on the alternative grounds of undue delay, dilatory motive and prejudice. Although the original complaint was pro se, Plaintiff's current counsel entered her appearance almost three years ago and filed an amended complaint in April 2005 and did not allege the instant contract and conspiracy claims. Moreover, the procedural history of this case is replete with efforts by Plaintiff to stay or suspend the proceedings, to take improper appeals, to unilaterally assert claims that were specifically barred by this Court and the Court of Appeals, and to generally prolong this case in derogation of the principles articulated in Fed. R. Civ. P. 1. At the risk of repetition, this case is over five years old and has not progressed past the pleadings stage.

As to Penn Power and Ohio Edison, the only claims that Plaintiff may now pursue are the claims which were specifically identified in the Court of Appeals' Opinion dated April 19, 2006. None of the claims which were authorized by the Court of Appeals were against Penn Power or Ohio Edison. To the contrary, the Court of Appeals explicitly determined that the claims arising out of Penn Power's alleged search for evidence and seizure of personal property in August 2000 are time-barred. As Plaintiff's only allegation against Ohio Edison is that it is the parent company of Penn Power, the averments against Ohio Edison are likewise time-barred and, in any event, fail to state a valid claim.

Accordingly, Plaintiff's MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (*Document No. 130)* is **DENIED**.

      b.      Reinstatement of Pro Se Complaint

Plaintiff's request to resurrect the original pro se complaint is also without merit. It is well-settled that an amended complaint supersedes the original complaint and renders it of no legal effect. *New Rock Asset Partners, L.P., v. Preferred Entity Advancements, Inc.,* 101 F.3d 1492, 1504 (3d Cir.1996)*; Jones v. Folino*, 2007 WL 4456718 (W.D. Pa. 2007) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994)). In this case, Plaintiff has filed ***three*** amended complaints (Document Nos. 96, 109, 128) and has requested leave to file a fourth, all of which were prepared by counsel. It defies reason to ignore counsel's efforts in favor of the allegations made and the parties named in the original pro se complaint.

Plaintiff's request amounts to a facial attack on Rule 12(b), the purpose of which is to permit "motions to dismiss" claims and parties. Motions to dismiss are intended to streamline the case by excising extraneous claims that lack legal sufficiency. It would be illogical and prejudicial to require parties to remain as participants in an action after all claims against those parties have been dismissed. Accordingly, Plaintiff's MOTION TO REINSTATE NON-CAPTION DEFENDANTS UNTIL <u>ALL</u> CLAIMS IN THE ORIGINAL *<u>PRO SE</u>* COMPLAINT ARE FULLY DETERMINED (*Document No. 145*) is **DENIED**.

      c.      Cartwright's Answer

Finally, Plaintiff observes that Defendant Cartwright filed an Answer (Document No.

126) to the complaint which was stricken (Document No. 109). Plaintiff requests that Cartwright's Answer also be stricken as moot. Cartwright has not filed a response. As will be explained in more detail below, all Defendants will be given an opportunity to re-plead, given Plaintiff's improvident appeal to the Third Circuit and the uncertainty as to whether another Amended Complaint would be permitted. Cartwright's Answer at Document No. 109 is technically moot and will be **STRICKEN**.

2. Penn Power and Ohio Edison

Penn Power and Ohio Edison have three motions to dismiss pending (Document Nos. 125, 127, 144). As Plaintiff recognizes, the motions at Document Nos. 125 and 127 were filed in response to the amended complaint filed on August 21, 2006. Because the August 21, 2006 complaint was stricken by the Court, the MOTION TO DISMISS Plaintiff's AMENDED COMPLAINT (*Document No. 125*) filed by Penn Power Company and the MOTION TO DISMISS Plaintiff's AMENDED COMPLAINT (*Document No. 127*) filed by Ohio Edison Company are **DENIED AS MOOT**.

The renewed motion to dismiss filed by Penn Power and Ohio Edison asserts two grounds: (1) lack of subject matter jurisdiction; and (2) failure to state a claim. Defendants contend that this Court lacks jurisdiction because the claims sought to be presented in the Second Amended Complaint are not among those which the Court of Appeals permitted to survive. Defendants argue, in the alternative, that any claims against them would be barred by the applicable statutes of limitation. The Court need not reach these arguments. As explained above, Plaintiff's Motion for Leave to File a Second Amended Complaint has been denied.

8

Therefore, the MOTION TO DISMISS Plaintiff's SECOND AMENDED COMPLAINT (*Document No. 144*) filed by Penn Power and Ohio Edison is **DENIED AS MOOT**.

It should now be abundantly clear that no further claims may be asserted by Plaintiff against Penn Power or Ohio Edison in this action. All averments in the Amended Complaint against Penn Power or Ohio Edison are **STRICKEN** pursuant to Rule 12(f)(1) as redundant and immaterial.

3.  Ekker, Kuster, McConnell & Epstein, LLC

The only allegation in the Amended Complaint that references the Ekker law firm is Paragraph 17, which states: "Defendants Thomas W. Kuster and H. William White III at all times relevant to the claims herein were attorneys with the Defendant law firm." The Amended Complaint avers that Kuster and White were solicitors for the City of Hermitage and, as such, had a duty not to deprive Plaintiffs of their civil rights. The Ekker firm has filed a motion to dismiss for failure to state a claim, on the basis that Section 1983 prohibits claims based on respondeat superior. Plaintiff, without citation to any authority, responds that Kuster and White were not employees, but rather members of the firm, and therefore the doctrine of respondeat superior does not apply.

The Court agrees with Defendant Ekker. This precise question was recently addressed in *Frompovicz v. Township of South Manheim*, 2007 WL 2908292 (M.D. Pa. 2007), in which the court permitted a Section 1983 claim against attorney Wallibillich in his personal capacity to proceed because he could be deemed a "state actor" in his role as solicitor. However, the Court dismissed the claim against the law firm of Cerrulo Datte Wallibillich, reasoning that there were

9

no specific allegations made against the law firm, that respondeat superior liability is unavailable, and that the law firm could not be considered to be a "state actor." *Id.* at *8 (citations omitted). *See also Wright v. Onembo*, 2000 WL 1521567 *3 (E.D. Pa. 2000) (dismissing Section 1983 claims against several law firms alleging that the firms authorized their attorneys to violate plaintiff's rights). Accordingly, the MOTION TO DISMISS Plaintiff's AMENDED COMPLAINT (*Document No. 134*) filed by Ekker, Kuster McConnell & Epstein, LLC is **GRANTED** and it shall be dismissed from the case and deleted from the caption.

4. Elizabeth Fair

Elizabeth Fair has been sued in the Amended Complaint in her individual capacity and in her official capacity as Prothonotary of Mercer County. Fair contends that the allegations against her should be stricken because: (1) they violate the prior orders of this Court and the Court of Appeals; and (2) they fail to state a claim upon which relief may be granted. Plaintiff argue, somewhat confusingly, that they are entitled to replead claims against Fair that were not considered by the Court of Appeals or this Court.

The Court of Appeals' Opinion dated April 19, 2006, stated clearly and unambiguously: "[W]e agree with Fair that the Staceys failed to state a constitutional claim against her under § 1983." Opinion at 14. The Court of Appeals did not identify any claims against Fair as among those that survived. Thus, it should go without saying, Plaintiff cannot continue to pursue Section 1983 claims against Fair.[1] Paragraph 25 of the Amended Complaint, which alleges that

---

[1]The Court of Appeals included a footnote explaining that the question of whether Fair was entitled to *immunity* from suit could not be clearly resolved. This footnote does nothing to diminish the Court's holding that Plaintiff failed to state a claim against Fair.

Fair deprived Plaintiff of their civil rights, is totally contrary to the specific authorized claims in the Court of Appeals' Opinion. *See also* this Court's Order dated August 1, 2006 (Plaintiff permitted to file an amended complaint "limited to the recited surviving claims"). Accordingly, the MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT (*Document No. 138*) filed by Elizabeth F. Fair is **GRANTED** and she is hereby dismissed from this case and shall be deleted from the caption.

     5.     <u>Case Management</u>

Plaintiff will not be permitted to further amend his complaint, except upon unanimous consent of the parties and/or leave of court. Thus, the Amended Complaint filed on September 15, 2006 (Document No. 128), as modified by this Memorandum Opinion and Order, will be the operative statement of Plaintiff's claims. As set forth above, certain averments have been stricken and Defendants Penn Power, Ohio Edison, the Ekker firm and Fair have been dismissed from the case. The caption will be modified accordingly, as follows:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND STACEY, Individually and as Co-Executor of the Last Will of Helen Stacey,<br>Plaintiff,<br>v.<br><br>CITY OF HERMITAGE; GARY P. HINKSON, Individually; EDWARD STANTON, Individually; RUSSELL V. PENN, JR., Individually; JEFFREY OSBORNE, Individually; ROBERT S. GOELTZ, Individually; JAMES PAT WHITE, Individually; THOMAS W. KUSTER; H. WILLIAM WHITE; III; CHRISTOPHER FERRY; WATTS & PEPICELLI, Attorneys at Law; JERRY G. CARTWRIGHT, JR., Attorney at Law; and RICHARD SEREDAY, ROSEANN SEREDAY, doing business as SEREDAY EXCAVATING;<br>Defendants. | 2:02-cv-1911 |

All remaining Defendants shall file appropriate responses to the Amended Complaint, in light of the unique procedural posture of this case. In particular, Defendants have been in limbo due to Plaintiff's inappropriate appeal to the Third Circuit and the uncertainty as to whether another amended complaint would be permitted. The fact that a named party remains in the caption does not imply that the Court has determined whether or not a valid claim exists against that party. Defendants' responses shall be filed on or before February 14, 2008. Plaintiff's responses, if appropriate, shall be filed on or before February 28, 2008. The parties are expected to comply fully and completely with this Court's prior orders and its Policies and Procedures, the prior orders of the Court of Appeals, the Rules of Civil Procedure and the Local Rules of this Court.

To summarize, the MOTION TO DISMISS Plaintiff's AMENDED COMPLAINT

(*Document No. 125*) filed by Penn Power Company is **DENIED AS MOOT**; the MOTION TO DISMISS Plaintiff's AMENDED COMPLAINT (*Document No. 127*) filed by Ohio Edison Company is **DENIED AS MOOT**; Plaintiff's MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (*Document No. 130)* is **DENIED***;* the MOTION TO DISMISS Plaintiff's AMENDED COMPLAINT (*Document No. 134*) filed by Ekker, Kuster McConnell & Epstein, LLC is **GRANTED***;* the MOTION TO STRIKE Plaintiff's AMENDED COMPLAINT (*Document No. 138*) filed by Elizabeth F. Fair is **GRANTED**; the MOTION TO DISMISS Plaintiff's SECOND AMENDED COMPLAINT (*Document No. 144*) filed by Penn Power and Ohio Edison is **DENIED AS MOOT**; all averments in the Amended Complaint against Penn Power and/or Ohio Edison are **STRICKEN** pursuant to Rule 12(f)(1) as redundant and immaterial; Plaintiff's MOTION TO REINSTATE NON-CAPTION DEFENDANTS UNTIL ALL CLAIMS IN THE ORIGINAL *PRO SE* COMPLAINT ARE FULLY DETERMINED (*Document No. 145*) is **DENIED**; and the Answer filed by Defendant Jerry G. Cartwright, Jr. (Document No. 126), is **STRICKEN AS MOOT**.

      SO ORDERED this 31st day of January, 2008.

                              BY THE COURT:

                              s/  Terrence F. McVerry
                              United States District Court Judge

cc:      Janice Haagensen, Esquire
           Email: janhaagensen@aol.com

CITY OF HERMITAGE and CITY INDIVIDUAL DEFENDANTS
        Neva L. Stanger, Esquire
        Email: nstanger@cdblaw.com

CHRISTOPHER FERRY and WATTS & PEPICELLI
WATTS & PEPICELLI
        Theodore H. Watts, Esquire
        Email: eagle916@zoominternet.net
        Alan L. Pepicelli, Esquire
        Email: apepicelli@zoominternet.net

JERRY G. CARTWRIGHT, JR., Attorney at Law
        Jerry G. Cartwright, Jr., Esquire
        Email: watson1_1@yahoo.com

RICHARD SEREDAY and ROSEANN SEREDAY
doing Business as SEREDAY EXCAVTING
        Phillip R. Earnest, Esquire
        Email: pearnest@rlmlawfirm.com

ELIZABETH F. FAIR, Individually and in Official capacity as Prothonotary of Mercer County, Thru her Office, Employees and Agents
        Marie Milie Jones, Esquire
        Email: mjones@mdbbe.com

ECKER, KUSTER, MCCONNELL & EPSTEIN
Attorneys at Law, Individually
        Richard W. Epstein, Esquire
        Email: kat@ekmelaw.com

VIROSTICK TRANSFER CO
thru its Owners, Employees and Agents
        Adam M. Barnes, Esquire
        abarnes@wcblaw.net