# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND STACEY, Individually and as Co-Executor of the Last Will of Helen Stacey, Plaintiff, v. CITY OF HERMITAGE; GARY P. HINKSON, Individually; EDWARD STANTON, Individually; RUSSELL V. PENN, JR., Individually; JEFFREY OSBORNE, Individually; ROBERT S. GOELTZ, Individually; JAMES PAT WHITE, Individually; THOMAS W. KUSTER; H. WILLIAM WHITE, III; RICHARD SEREDAY, ROSEANN SEREDAY, doing business as SEREDAY EXCAVATING, Defendants. | 2:02-cv-1911 |

## MEMORANDUM ORDER

Pending before the Court for consideration and disposition is DEFENDANTS' MOTION FOR SANCTIONS (Document No. 183) filed by the City Defendants. Plaintiff filed a response in opposition and a Memorandum of Law and Declaration in Support of Plaintiff's Response to Defendants' Motion for Sanctions (Document No. 184). The motion for sanctions is ripe for disposition.

Procedural History

This case arose from the condemnation and subsequent demolition of the home of Helen Stacey, Plaintiff's mother, in November 2000 – over eight years ago. The case has been embroiled in extensive legal wrangling and the entire procedural history is well known to all involved and will not be reiterated.

The original pro se complaint was dismissed in 2003 by the Honorable Robert J. Cindrich. On November 24, 2004, the United States Court of Appeals for the Third Circuit

("Court of Appeals") affirmed this order in part and vacated in part. On October 11, 2005, the United States Supreme Court vacated the ruling of the Court of Appeals as to the *Rooker-Feldman* doctrine and remanded to the Court of Appeals for further consideration. On April 19, 2006, the Court of Appeals issued a second opinion ("*Stacey II*") which affirmed in part and vacated in part the district court's original order of dismissal and remanded for further proceedings consistent with its Opinion. *Stacey II* held that some, but not all, of Defendants' asserted grounds for dismissal had merit, Opinion at 8, and concluded that the ***only claims*** which survived the motions to dismiss were:

> (1) claims under § 1983 against the City defendants and Sereday arising from the demolition; (2) claims under § 1983 against the City defendants arising from the imposition of the lien against the Stacey property; and (3) legal malpractice claims against the Staceys' attorneys.

Opinion at 14 (emphasis added).

Further procedural skirmishing continued after the case was remanded, in which additional Defendants and claims were dismissed. On May 9, 2008, the Court entered a Case Management/Scheduling Order ("CMO") that established a discovery deadline of November 10, 2008. Although the case was approximately five years old, the parties were granted six months to complete discovery. Defendants engaged in such discovery.

Plaintiff recognized that the evidence to be obtained in discovery was crucial and necessary to support his allegations. The Amended Complaint ¶ 66, states, in relevant part:

> Without discovery, Plaintiff Raymond Stacey cannot plead with greater particularity at this time, so he cannot set forth exactly how each defendant acted in concert with the others in infringing upon his and his mother's constitutional rights. Information crucial to proof of these claims is in the custody and control of the Defendants. . . . Plaintiff Stacey relies on liberal federal discovery rules to define all disputed facts and issues. Any expectation of complete factual sufficiency without discovery is premature or impossible.

2

Nevertheless, when the time to undertake such discovery finally presented itself, Plaintiff wholly failed to take advantage of the opportunity. In fact, Plaintiff initiated **_no_** timely discovery whatsoever. Plaintiff's counsel, Janice Haagensen, did not take any depositions and did not file any discovery requests "within sufficient time to allow responses to be completed and depositions taken prior to the close of discovery." Plaintiff's counsel provided no excuse or good cause justification for her inaction. Unfortunately, this conduct was consistent with the approach of Plaintiff's counsel throughout this litigation.[1] On November 12, 2008, the Court denied Plaintiff's motion to extend the discovery deadline.

In response to Defendants' motions for summary judgment, Plaintiff has offered the "Declaration of Plaintiff Raymond Stacey" and exhibits attached thereto. Stacey's Declaration essentially repeats the allegations in the complaint.[2] Conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment. In order to satisfy the standard for summary judgment "the affiant must ordinarily set forth facts, rather than opinions or conclusions. An affidavit that is 'essentially conclusory' and lacking in specific facts is inadequate to satisfy the movant [or non-movant]'s burden." *See Blair v. Scott Specialty Gases*,

---

[1]On January 31, 2008, the Court isssued a Memorandum Opinion which observed, in relevant part:

> Moreover, the procedural history of this case is replete with efforts by Plaintiff to stay or suspend the proceedings, to take improper appeals, to unilaterally assert claims that were specifically barred by this Court and the Court of Appeals, and to generally prolong this case in derogation of the principles articulated in Fed. R. Civ. P. 1.

[2]*See* Declaration at 3: "All these facts support the Stacey claims occurring on or after November 6, 2000 which are described in the Amended Complaint, filed September 15, 2006 (Doc. No. 128), which is incorporated here by reference as if fully set forth and repeated."

283 F.3d 595, 608 (3d Cir. 2002) (citation omitted).

Plaintiff has also submitted the complete transcript of the deposition of Raymond Stacey and an Appendix containing, among other exhibits, a state court docket sheet, the City of Hermitage Property Maintenance Code, attorney time sheets, and various letters and newspaper articles. Generalized references to entire deposition transcripts do not satisfy a litigant's burden to oppose a motion for summary judgment. *See Barnes Foundation v. Township of Lower Merion*, 982 F. Supp. 970, 986 n.9 (E.D. Pa. 1997). In an abundance of caution, the Court has reviewed the entire deposition transcript of Raymond Stacey. Newspaper articles usually constitute inadmissible hearsay which cannot be used to defeat summary judgment. *Id.* at 996. In *Barnes*, the Court granted Defendants' motion for summary judgment on a § 1983 conspiracy claim due to Plaintiff's lack of evidence and commented that the record "merely details various stages of a run of the mill land dispute." *Id.* at 987. The Court commented that municipalities should not have to face a civil rights trial any time a citizen loses a battle in a zoning dispute. *Id.*

The current status of Plaintiff's evidence is best illustrated by the following quote from Raymond Stacey's deposition testimony (Day 2) at 37, which was submitted by ***Plaintiff*** in Plaintiffs' Responsive Concise Statement to Defendants' Concise Statements of Material Fact at 16 (emphasis added): "It was done in secret. ***I have no idea what went on.*** That's what a conspiracy is, something done in secret." In a separate Memorandum Opinion and Order, the Court granted Defendants' motions for summary judgment.

<u>City Defendants' Motion for Sanctions</u>

City Defendants seek sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11(b)(1)-(3).

4

Defendants request that Plaintiff be required to pay their reasonable attorney fees and that Plaintiff be enjoined from additional litigation involving Defendants in connection with matters raised in the Amended Complaint. In essence, Defendants argue that Plaintiff's actions have been motivated by revenge and designed to prolong this litigation in contravention of Fed. R. Civ. P. 1.[3] Plaintiff rejected Defendants' Rule 11 "safe harbor" demand, by letter dated December 18, 2008, and has refused to drop the claims.

In opposing sanctions, Plaintiff's counsel argues that the conduct most complained of – the failure to pursue discovery – is not governed by Rule 11 because it does not involve a "signed pleading." Counsel further denies that Plaintiff's motives were improper.[4]

Federal Rule of Civil Procedure 11(b) states, in relevant part (emphasis added):

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, ***or later advocating it***--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) ***the factual contentions have evidentiary support*** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

---

[3] In particular, Defendants allege that Plaintiff failed to disclose that certain personal property which he alleged had been destroyed by Defendants was, in fact, maintained in storage by Plaintiff.

[4] Plaintiff's response also contains a lengthy recitation of allegations concerning the merits of the summary judgment motion and incorporates the information in the Stacey Declaration.

The 1993 Advisory Committee Notes state that the person signing or advocating a document, typically the attorney, "has a nondelegable responsibility to the court, and in most situations is the person to be sanctioned for a violation."

The argument of Plaintiff's counsel that her conduct is not governed by Rule 11 because it does not involve a signed pleading is clearly without merit. The 1993 Advisory Committee Notes to Rule 11 explain, in relevant part:

> [The Rule] emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable; . . .
>
> [A] litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit; . . .
>
> Tolerance of factual contentions in initial pleadings by plaintiffs or defendants when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to join parties, make claims, or present defenses without any factual basis or justification. Moreover, if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention.

In sum, there is a duty to obtain evidentiary support for the claims asserted and a continuing duty to abandon untenable legal positions. Thus, the Amended Complaint constitutes a signed pleading that triggers Rule 11. *See DiPaolo v. Moran*, 405 F.3d 140, 145 (3d Cir. 2005). Moreover, Plaintiff's counsel has continued to sign and file documents with the Court, including Plaintiff's Responsive Concise Statement to Defendants' Concise Statements of Material Facts and Plaintiff's Memorandum in Opposition to Motions for Summary Judgment by Defendants (Document Nos. 186, 191), which advocate the continuation of claims for which she conducted absolutely no discovery.

6

Rule 11 employs an objective standard. Regardless of Plaintiff's counsel's belief that the Stacey family has been mistreated by Defendants, the fact remains that she has developed no evidentiary record in support of those allegations. The objective Rule 11 standard is "intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." 1993 Advisory Committee Notes.

In summary, the requirements for imposition of Rule 11 sanctions are clearly met in this case. After five years of intensive skirmishing at the pleading stage, Plaintiff finally earned the opportunity to engage in discovery. Plaintiff knew that such discovery would be essential – he was unable to state how each Defendant conspired with others because "[i]nformation crucial to proof of these claims is in the custody and control of the Defendants." Amended Complaint ¶ 66. Unfortunately, Plaintiff's counsel – without excuse or justification – entirely failed to take advantage of this opportunity. Due to the lack of discovery, Plaintiff cannot possibly meet his burden to establish each of the essential elements of his claims. Nevertheless, Plaintiff's counsel has continued to litigate.

The purpose of Rule 11 sanctions is to deter rather than to compensate. Courts have a wide range of alternatives in crafting an appropriate sanction and should select the least severe measure necessary to vindicate Rule 11's primary purpose of deterrence. *Zuk v. Eastern Pennsylvania Psychiatric Institute*, 103 F.3d 294, 301 (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1336 (2d ed. Supp.1996)); *see also Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988) ("district court's choice of deterrent is appropriate when it is the minimum that will serve to adequately deter the undesirable behavior."). Other considerations include the offending party's ability to pay, press

scrutiny, the public interest in encouraging particular suits, the conduct of the parties, the attorney's disciplinary history and reputation, the defendant's need for compensation, the degree of frivolousness, recognizing that cases do lie along a continuum, congressional intent not to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories, whether the frivolousness required a less sophisticated or expensive response by the other party, and the importance of not discouraging particular types of litigation which may provide the basis for legislative and executive ameliorative action when the courts lack power to act. *Doering,* 857 F.2d at 197 n. 6. Willfulness may also be an equitable consideration. *Id.*

A review of these considerations dictates that an award of attorneys fees is not appropriate under the circumstances of this matter. The Court is aware from its own docket, Civil Action No. 08-1560*,* that the Disciplinary Board of the Supreme Court of Pennsylvania imposed sanctions against Plaintiff's counsel, Janice Haagensen, because her conduct in another federal case violated the Pennsylvania Rules of Professional Conduct. As this Court previously observed, Haagensen's conduct throughout the course of this litigation has not comported with Fed. R. Civ. P. 1. On the other hand, the instant action involved a citizen challenging the government's demolition of his family home. The Court assumes that Plaintiff Stacey has a limited ability to pay and Defendants, by comparison, have a lesser need to be compensated. Although it was certainly improper for counsel to persist with claims after having conducted no discovery, her initial efforts to defeat the motions to dismiss were at least partially successful. In sum, the least severe measure necessary to vindicate Rule 11 is a non-monetary sanction.

Among other options, the 1993 Advisory Committee Notes suggest that the Court may require an attorney to participate in seminars or other educational programs. *See also DiPaolo*,

407 F.3d at 144; *Cornish v. Goshen*, 2005 WL 5394660 (M.D. Pa. 2005) (citation omitted). Plaintiff's counsel has commendable zeal, but could benefit from additional training regarding civil procedure, discovery practice and professional conduct.

Accordingly, DEFENDANTS' MOTION FOR SANCTIONS (Document No. 183) is **GRANTED IN PART**. Plaintiff's counsel, Janice Haagensen, is found to be responsible for a violation of Fed. R. Civ. P. 11(b)(3). As a sanction, attorney Haagensen shall complete twenty (20) hours of accredited Continuing Legal Education (CLE) credits during calendar year 2009, relating to civil procedure, discovery practice and/or professional conduct. Ms. Haagensen may apply for CLE credit for these courses. On or before January 15, 2010, Ms. Haagensen shall file an affidavit at Civil Action No. 02-1911 which establishes her compliance with this Order and identifies the courses she has taken and completed, the dates thereof and the hours/credits earned.

SO ORDERED this 11th day of March, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge


cc: Janice Haagensen, Esquire
Email: janhaagensen@aol.com

CITY OF HERMITAGE and CITY INDIVIDUAL DEFENDANTS
Neva L. Stanger, Esquire
Email: nstanger@cdblaw.com


RICHARD SEREDAY and ROSEANN SEREDAY
doing Business as SEREDAY EXCAVTING
Phillip R. Earnest, Esquire
Email: pearnest@rlmlawfirm.com