IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND STACEY, Individually and as Co-Executor of the Last Will of Helen Stacey,<br>　　　　Plaintiff,<br>　　v.<br><br>CITY OF HERMITAGE; GARY P. HINKSON, Individually; EDWARD STANTON, Individually; RUSSELL V. PENN, JR., Individually; JEFFREY OSBORNE, Individually; ROBERT S. GOELTZ, Individually; JAMES PAT WHITE, Individually; THOMAS W. KUSTER; H. WILLIAM WHITE, III; RICHARD SEREDAY, ROSEANN SEREDAY, doing business as SEREDAY EXCAVATING,<br><br>　　　　Defendants. | 2:02-cv-1911 |

**MEMORANDUM ORDER**

Pending before the Court for consideration and disposition is PLAINTIFF'S *PRO SE* MOTION TO VACATE THE ORDER OF MAY 28, 2010, STRIKING PLAINTIFF'S MOTION (DOC. NO. 202) AND TO REINSTATE THAT MOTION FOR AN ORDER DIRECTING THE DISTRICT CLERK TO ELECTRONICALLY COMPLETE THE RECORD ON APPEAL (Document No. 204). Defendants have not been required to respond.

This case arose from the condemnation and subsequent demolition of the home of Helen Stacey, Plaintiff's mother, in November 2000. The case has been embroiled in extensive legal wrangling. The entire procedural history is well known to all involved and will not be reiterated. Ultimately, Plaintiff failed to prosecute the case. Plaintiff's counsel, Janice Haagensen, did not file any timely discovery requests and did not take any depositions. Plaintiff's counsel provided no excuse or justification for her inaction. Unfortunately, this conduct was consistent with the approach of Plaintiff's counsel throughout this protracted litigation. On March 11, 2009, the Court granted Defendants' motions for summary judgment, imposed Rule 11 sanctions against

attorney Haagensen, and entered judgment in favor of Defendants. Plaintiff appealed. On April 29, 2010, the United States Court of Appeals for the Third Circuit entered a Certified Order in lieu of formal Mandate which granted Appellees' Motion to Quash the Appeal.[1]

On March 8, 2010, while the *Stacy* appeal was still pending, attorney Haagensen was administratively suspended from the practice of law in the United States District Court for the Western District of Pennsylvania. *In re Discipline of Janice S. Haagensen*, Misc. No. 09-310 (Order of Court signed by Chief Judge Lancaster). Haagensen filed a Motion for Reconsideration of the suspension Order. The Court denied her Motion for Reconsideration and on March 31, 2010 Ordered that Haagensen "be and she is hereby SUSPENDED for a period of one year and one day, from the practice of law in the United States District Court for the Western District of Pennsylvania." (Emphasis in original). Haagensen filed a Motion for Reconsideration of the March 31, 2010 Order, as well.

Despite her suspension and the fact that the *Stacy* appeal had been quashed by the Court of Appeals for the Third Circuit, on May 14, 2010, Haagensen attempted to file a motion in this Court in the *Stacy* case. On May 28, 2010, the Court struck the motion in light of Haagensen's suspension and revoked her CM/ECF privileges. Plaintiff Raymond Stacey then filed the instant motion "pro se," although it certainly appears to have been drafted by attorney Haagensen.

The instant "pro se" motion seeks the following relief: (1) to vacate the Court's Order of May 28, 2010 and reinstate the motion filed by attorney Haagensen; (2) to direct the Clerk of Court to scan the pre-CM/ECF paper record of the case into the electronic system for Stacey's use on appeal; and (3) to restore the Certified Order of the Court of Appeals (Doc. # 200) to

---

[1]This Order was originally docketed at #200, and then re-docketed at #201.

public view.  None of these requests has merit.

Haagensen was suspended by this Court on March 31, 2010 (Case #09-mc-310, Docket #10) and has remained on suspension ever since that date.  Accordingly, the May 14, 2010 motion was not properly filed by Haagensen, as she contends.  To the contrary, Haagensen clearly remained suspended at that time, even though her second motion for reconsideration was still pending.[2]  It is fundamental that the mere filing of a motion for reconsideration does not affect the validity of the Court's original Order.  *See, e.g.*, Fed. R. Civ. P. 60(c)(2).  Similarly, Stacey's reference to Fed. R. Civ. P. 62(a) is entirely misplaced.   Rule 62 relates to a stay of proceedings to enforce a <u>judgment</u> and has no application to the disciplinary suspension order that Haagensen seeks to avoid.  The Court reiterates and reaffirms its May 28, 2010 Order – Haagensen is not permitted to file motions in this Court while she is on suspension.  Stacey's request to vacate the Order is **DENIED**.

The underlying premise of Stacey's request for the clerk to electronically scan the case file is fatally flawed.  There is no need for the file to be scanned for appeal because there is no appeal pending.  The Court of Appeals ***granted*** the motion to quash the appeal, so there is now no need to create an appellate record.  The case is over.  Accordingly, Stacey's request is moot.  In any event, the Clerk of Court has no duty to convert the entire pre-CM/ECF paper file into an electronic format.  The "paper" file remains available and accessible for use on appeal and can be delivered to the Court of Appeals if needed.  The Court has no duty to order the clerk to transform the file from paper to electronic format and litigants have no right to an electronic file format.  Stacey's right to appeal – even assuming, arguendo, that the appeal had not already been

---

[2] The second motion for reconsideration was denied on May 26, 2010.

quashed – was not impeded in any way by the Clerk having maintained a portion of the Court's file in a paper format. In sum, this request is moot, pointless, unnecessary, appears to be designed to cause the Court to incur needless time and expense, and is **DENIED**.

Finally, Stacey's accusation that the Certified Order in lieu of Mandate from the Court of Appeals at Document #200 has been nefariously removed from public view is simply wrong. The clerk's office re-filed the Certified Order in lieu of Mandate from the Court of Appeals the very next day as Document # 201 (copy attached). The relief requested by Stacey is **DENIED AS MOOT** as it has already been performed.

This motion is frivolous. The Court of Appeals has quashed the appeal and this case is over. The Court will not countenance continued efforts by attorney Haagensen to use Raymond Stacey as a "false front" behind whom she apparently continues her vexatious litigation tactics.

In accordance with the foregoing, PLAINTIFF'S *PRO SE* MOTION TO VACATE THE ORDER OF MAY 28, 2010, STRIKING PLAINTIFF'S MOTION (DOC. NO. 202) AND TO REINSTATE THAT MOTION FOR AN ORDER DIRECTING THE DISTRICT CLERK TO ELECTRONICALLY COMPLETE THE RECORD ON APPEAL (Document No. 204) is **DENIED**.

SO ORDERED this 25th day of August, 2010.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:

    Raymond Stacey
    123 Hickory Ln SW
    Warren, OH 44481
    Email: rstacey44@peoplepc.com
        BY EMAIL

    Janice Haagensen, Esquire
    349 New Road
    Enon Valley, PA 16120
    Email: janhaagensen@aol.com
        BY EMAIL

    Neva L. Stanger, Esquire
    Email: nstanger@cdblaw.com
        BY CM/ECF

    Phillip R. Earnest, Esquire
    Email: pearnest@rlmlawfirm.com
        BY CM/ECF